SAMUEL G. HAMBLEN, for appellee.

MR. JUSTICE BARNES delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 1399*—*when findings of master will not be disturbed.* A court's approval of a master's finding will not be disturbed on appeal unless obviously incorrect.

2. CANCELLATION OF INSTRUMENTS, § 12*—*when note and mortgage may be canceled.* A maker of a note and chattel mortgage is not estopped from having same canceled, after being transferred to a third person, when such note and mortgage are without consideration and no statement is made by the maker to the third person that there was a valuable consideration.

3. APPEAL AND ERROR, § 499*—*when question of receiver's compensation will not be reviewed on appeal.* Where a decree approves a receiver's report and discharges him, and there is nothing to indicate that the question of compensation was brought before the court, error cannot be assigned because the court did not take up such matter on its own motion.

-----

## DeWitt C. Cregier, Custodian, Appellee, v. George Remus et al., Defendants. A. J. Bedard, Appellant. Gen. No. 20,863. (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Reversed and remanded. Opinion filed October 5, 1915.

## Statement of the Case.

Bill of interpleader by DeWitt C. Cregier, as custodian of lost and stolen property for the department of police of the city of Chicago against George Remus and A. J. Bedard, attorneys at law, who claimed title

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

to jewelry taken from the person of a prisoner named Stone. It appeared that in July, 1912, Stone was arrested in Chicago, and gave Remus one hundred dollars to procure a bondsman for him. Later he became a fugitive from justice and was arrested in Kansas City. Feeling under obligation to procure his return, Remus paid the expenses of Higgins, a Chicago policeman, to bring the prisoner back to Chicago. The jewelry found on Stone when rearrested in Kansas City was handed over to Higgins and, on his return to Chicago, he delivered it to Cregier as such custodian. Remus testified that when Stone was first arrested he agreed to pay him two hundred dollars as retainer out of which he was to pay the bondsman and expenses in the criminal case, and that after Stone paid the one hundred dollars aforesaid, he went to see Stone about the balance and Stone said that if Remus would get him out of jail, he would pay the balance of one hundred dollars upon getting out, and he would give him the jewelry in question, but Remus did not receive the jewelry from Stone at any time. On the contrary, it appears that Stone left the State when released from jail and took the jewelry with him, evidently with no intention of keeping his promise. After he was brought back to Chicago and lodged in jail, he engaged Bedard as his attorney and gave him a bill of sale of the jewelry of which Bedard promptly notified said custodian and the chief of police. Higgins testified that, while returning from Kansas City, the prisoner said the jewelry in question, then in custody of Higgins as officer, belonged to Remus and directed him to deliver it to Remus, but that later he offered it to him as the price of escape. Later still, Stone claimed the jewelry belonged to his wife. Remus testified that he asked Stone why he "jumped" his bond, and that he replied that Remus was secured by the jewelry for what he owed him. The prisoner denied both Higgins' and Remus' testimony. Before Higgins delivered the

jewelry to Cregier, Remus gave him notice of his ownership. There was a finding and decree in Remus' favor, and Bedard appeals.

KING, BROWER & HURLBUT, for appellant.

GEORGE REMUS, *pro se;* MORRIS K. LEVINSON, of counsel.

MR. JUSTICE BARNES delivered the opinion of the court.

## Abstract of the Decision.

1. ASSIGNMENTS, § 36*—*when assignment not shown.* Evidence *held* not to show an assignment, legal or equitable, of personal property by a client to an attorney, but rather a mere unfulfilled promise to deliver such property in the future as security.

2. INTERPLEADER, § 19*—*when allowance of attorney's fees erroneous.* Allowance of a portion of complainant's attorney's fees on a bill of interpleader, which fees were taxed to one of the defendant's, *held* error.

Lillian MacNeel, Appellee, v. N. J. Eisendrath, Appellant.

Gen. No. 20,866.    (Not to be reported in full.)

Appeal from County Court of Cook county; the Hon. J. J. BARNES, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed October 5, 1915.

## Statement of the Case.

Action by Lillian MacNeel against N. J. Eisendrath on an oral contract for employment for one year at twenty-five dollars per week, to recover for a portion of the year plaintiff was not given employment. The defense was that the contract was for service in a

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.